# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

September 27, 2010

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *United States v. Ejike Agustine Umeojiaku*, **10 CR 407 (JG)**

Dear Judge Gleeson:

Mr. Ejike Umeojiaku pleaded guilty to importing heroin into the United States.  He is scheduled to be sentenced by this Court on Friday, October 15, 2010 at 2:00 p.m.

Mr. Umeojiaku agrees with the guideline calculation found in the presentence investigation report (PSR).  The total offense level is 21, which corresponds to a sentencing range of 37-46 months.[1]  A lesser sentence is appropriate in this case either by downward departure for aberrant behavior or pursuant to 18 U.S.C. § 3553(a).

## Aberrant behavior

USSG §5K2.20, p.s. authorizes a downward departure when a defendant's conduct constitutes aberrant behavior.   Aberrant behavior is defined as a single criminal transaction that was committed without significant planning, was of limited duration, and represents a marked deviation by the defendant from an otherwise law-abiding life. USSG §5K2.20(b).  Mr. Umeojiaku qualifies for such a departure because he has no criminal history, the offense of conviction did not involve injury, death, or use of a firearm and is not a "serious drug trafficking offense." USSG §5K2.20(c).

---

[1]The base offense level is predicated on the weight of the heroin Mr. Umeojiaku swallowed and attempted to import:  1104 grams.  However, the purity of the heroin was quite low compared to other narcotics typically seized at the airport, 32% versus 80% or more.  This disparity is not accounted for in the guidelines, but may be relevant to sentencing considering that the drug guidelines are driven in large part by quantity instead of other, perhaps more relevant factors, such as role.

When determining if a departure is appropriate, the Court may consider the defendant's mental and emotional condition, record of employment, record of prior good works, motive for committing the offense, and efforts to mitigate the effects of the offense. USSG §5K2.20, comment. (n.3) As noted in the PSR, this was Mr. Umeojiaku's first visit to the United States and his only attempt to smuggle drugs into this country. Mr. Umeojiaku, though raised in rural poverty in Africa, had managed to live a responsible life until the instant case. After graduating from high school he worked as an apprentice electrician for a year. Since that time and for the last 10 or 12 years he has either worked with his brother or on his own in the business of reselling used air conditioning and refrigeration equipment. Mr. Umeojiaku recently married and expects his first child in October.

As Mr. Umeojiaku admitted after his arrest, his motivation for carrying the drugs was to pay the person who had arranged for him to (fraudulently) receive a U.S. visa. When applying for the visa, it was not Mr. Umeojiaku's intent to smuggle drugs into this country. He intended merely to visit this country and perhaps find parts and equipment for his business. However, after suffering an economic reversal on a European trip and with his first child on the way, Mr. Umeojiaku, unable to pay for the visa, agreed to the smuggling trip.

Immediately after his arrest, Mr. Umeojiaku truthfully informed the agents of his role in the smuggling operation and gave information about others involved in the smuggling scheme. He also told the agents how he came to possess the visa on which he traveled.

The instant crime represents "a single criminal transaction" which is a "marked deviation . . . from an otherwise law-abiding life." Mr. Umeojiaku immediately attempted to mitigate the effects of his actions by quickly and forthrightly admitting his actions, even going so far as to admit other criminal conduct, conduct of which the agents may have been unaware. A downward departure is therefore warranted.

## 18 U.S.C. § 3553(a)

A sentencing court "shall impose a sentence sufficient, but *not greater than necessary*" to fulfill four objectives: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2); *See United States v. Booker*, 125 S.Ct. 738 (2005) (holding that the Sixth Amendment right to a jury trial was infringed by the mandatory nature of the Sentencing Guidelines, rendering the Guidelines advisory). When deciding on an appropriate sentence the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(2).

Ms. Umeojiaku is a 35 year old man who has never before been in trouble with the law. Though raised in poverty, he has worked hard and, until the instant offense, stayed out of trouble. Though he is far from wealthy, his business and the prospect of greater income allowed him

recently to marry.  He expects his first child next month.  Mr. Umeojiaku's smuggling of heroin, and his prior action in fraudulently obtaining a visa, are out of character for him.  He attributes this change in conduct to his worries about providing for his new wife and child.  His experience since his arrest, however, has impressed upon him the error of his outlook and his actions.  He now sees clearly the importance of hard work and the dangers of impatience.

As for the nature of the offense, it must be noted that Mr. Umeojiaku played a minimal role in the offense and was also the most expendable member of the smuggling conspiracy.  He is held responsible for a large amount of heroin, even though the purity of the drugs he smuggled was well below that usually seized at the airport (and consequently posed less of a threat had he been successful.)  Upon his arrest, he truthfully told the agents about his involvement and included admissions regarding his fraudulent application for a visa, a crime the government may not have known about otherwise.

Mr. Umeojiaku's history of responsible living, his minimal role in the offense, and his immediate acceptance of responsibility are all reasons to impose a sentence well below the guideline minimum.  A guideline sentence would be "greater than necessary" to serve the interests of justice.

Thank you for your attention to this matter.

Respectfully submitted,

Michael K. Schneider, Esq.
(718) 330-1161

cc:     Clerk of the Court (by ECF)
        Mr. Allon Lifshitz, Assistant U.S. Attorney
        Mr. James Foster, United States Probation Officer
        Mr. Ejike Agustine Umeojiaku